IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| THE BLACK & DECKER CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. WDQ 02CV2070 |
| ) | |
| UNITED STATES ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENTAL BRIEF IN SUPPORT
OF DEFENDANT'S MOTION TO COMPEL**

"The standard for waiving the work product doctrine should be no more stringent than the standard for waiving the attorney-client privilege." *Westinghouse v. Republic of the Phillipines*, 951 F.2d 1414, 1428-30 (3d Cir. 1991). Thus, if the Court finds that plaintiff's voluntary disclosure of the tax opinion attached as Exhibit 1 to defendant's motion (the "short opinion") constitutes a subject-matter waiver of the attorney-client privilege with respect to plaintiff's written communications with Deloitte & Touche, the Court should find that the disclosure vitiates any work product claim over those documents as well.[1]

A party also waives work-product protection by attempting to make testimonial use of work-product materials, thereby putting those materials at issue in a case. *In re Martin Marietta Corp.,* 856 F.2d 619, 624-625 (4th Cir. 1988), citing *United States v. Nobles,* 422 U.S. 225, 238 (1975). This is the real crux of the government's waiver argument, for plaintiff has stated that it

---

[1] This is not meant to suggest that plaintiff's disclosure of the more-detailed opinion letter (the "long opinion) will constitute such a waiver. As stated in plaintiff's letter to the Court dated August 8, 2003, the United States has agreed not to assert that argument as a pre-condition to plaintiff's decision to waive its work-product claim over that particular document.

intends to rely on the advice of Deloitte & Touche to avoid (what the parties expect will be) an assessment of penalties for engaging in an abusive tax shelter.  (See Def. Exhibit 5, p. 7; Letter to Court dated August 8, 2003.)  By placing in issue its reliance on that advice, plaintiff has opened the door for defendant to explore all of the documents and communications between plaintiff and its tax consultant. *See George v. Siemens Industrial Automation, Inc.,* 182 F.R.D. 134, 139 (D. N.J. 1998) (At issue exception to the work-product doctrine applies "[w]hen a party to a lawsuit puts protected information at issue by making it relevant to the case, and the application of the privilege would deny the opposing party access to information vital to its defense."); *In re G-I Holdings, et al.,* Civil No. 02-03082 (D.N.J. 2003).[2]

During the telephone conference conducted by the Court on August 19, 2003, plaintiff sought to limit the scope of its waiver by stating that its reliance on Deloitte & Touche's advice will be limited to the two opinions referenced above.  While the formal opinions may be the only evidence that plaintiff intends to offer at trial, 26 C.F.R. § 1.6664-4(c)(copy attached), requires an examination of **all** of the facts and circumstances in order to determine if plaintiff reasonably relied on the advice that Deloitte & Touche expressed in those opinions. This necessarily includes an examination of the facts that plaintiff disclosed (or failed to disclose) to Deloitte & Touche regarding the transactions now at issue, the legal and factual assumptions made by Deloitte & Touche, and whether Deloitte & Touche's advice was based on assumptions that plaintiff knew were unreasonable or inaccurate. 26 C.F.R. 1.6664-4(c)(1).  In other words, the

---

[2] Admittedly, *G-I Holdings* addresses the "at issue" waiver in the context of the attorney-client privilege.  Nevertheless, the logic employed by the court is certainly instructive, and the decision outlines a practical three-part test to determine whether an "at issue" waiver occurred here.

2

focus is not limited to a determination of whether the opinions expressed within the four corners of a single document sound reasonable or well-thought, but rather, was it reasonable in light of all of the facts and circumstances, for plaintiff to proceed on the basis of that advice. *Glenmede Trust Company v. Thompson*, 56 F.3d 476, 486 (3d Cir. 1995) ("The party opposing the defense of reliance on advice of counsel must be able to test what information had been conveyed by the client to counsel and vice-versa - whether counsel was provided with all material facts in rendering their advice, whether counsel gave a well-informed opinion and whether that advice was heeded by the client.") Contrary to plaintiff's suggestions, this information cannot be gleaned solely by asking questions in depositions. Moreover, such a limitation on discovery will seriously hinder the fact-finding process, and ultimately, the search for the truth.

Turning to the remaining question raised by the Court, defendant cannot determine from plaintiff's privilege log whether the documents sought through its motion to compel constitute fact or opinion work product. The Court of Appeals for the Fourth Circuit defines opinion work product as a document which contains an attorney's "mental impressions, conclusions, opinions or legal theories ... concerning the litigation." *National Union Fire Insurance Company of Pittsburgh v. Murray Sheet Metal, Inc.*, 967 F2d 980, 984 (4th Cir. 1992) (internal quotation marks omitted). If the short opinion is any indication, it appears that the documents being withheld contain a mixture of fact and opinion-based communications. Whatever the case, the distinction is not critical to the issue of waiver, for plaintiff has now placed the legal opinion of its outside tax advisor directly at issue in this case. This is a critical distinction from the situation presented in *In re Martin Marietta Corp.,* where the Fourth Circuit upheld a privilege claim as to opinion-work product by noting that "there is very little danger that a litigant will

3

attempt to use pure mental impression or legal theory as a sword and as a shield . . . so as to distort the fact finding process." 856 F.2d at 626. Moreover, unlike the Fourth Circuit, this Court is faced with the selective use of work product by plaintiff as both a sword to avoid penalties, and a shield to prevent the government from discovering all of the facts and circumstances underlying Deloitte & Touche's advice.

In any event, the Fourth Circuit did not conclude that a waiver can never extend to opinion work product. To the contrary, this Court, has cited the *Martin Marietta* case as authority for the proposition that work product protection may be waived regardless of its nature. *Musselman v. Phillips*, 176 F.R.D. 194, 197 (D. Md. 1997) ("Whether the applicable immunity from discovery is qualified -as for fact work product - or 'nearly absolute' - for opinion work product - it may, of course, be waived.") Research has uncovered no authority which prevents the Court from finding a complete waiver here.

Date: August 25, 2003

Respectfully submitted,

*s/ Angelo A. Frattarelli*
ANGELO A. FRATTARELLI
LINDSEY W. COOPER
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C.  20044
(202) 307-6612/307-6528

OF COUNSEL:

THOMAS M. DIBIAGIO
United States Attorney
6625 U.S. Courthouse
101 West Lombard Street
Baltimore, MD 21201
(410) 209-4800

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on August 25, 2003 I electronically caused the foregoing SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL to be filed with the Court under the CM/ECF system with notification of such filing to plaintiff's counsel Phillip Karter, Harry Pogash, and John E. McCann, Jr.

        *s/ Angelo A. Frattarelli*
        ANGELO A. FRATTARELLI